IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:99 CR 750

-vs-

                                      O R D E R

CHRISTOPHER R. ANELLO, *pro se*,

                Defendant.

KATZ, J.

      Before the Court is the motion of Christopher R. Anello, *pro se*, for the Court to issue an order expunging the record of his conviction. (Doc. No. 35). The Government has filed a response in opposition thereto. For the reasons hereinafter stated, the Court will deny the motion.

      On March 10, 2000 Defendant Anello was sentenced by this Court to three years of probation and ordered to pay restitution in the amount of $4,518.00. On January 16, 2002 this Court released him from that term of probation and thereafter the Government filed notice of satisfaction the judgment. The instant motion for expungement of record was filed on May 19, 2008.

      Mr. Anello states his desire to return to the United States Army, having previously served 11 years and been granted an honorable discharge. He states he cannot re-enlist unless his criminal record is cleared.

      In its memorandum in opposition the Government cites to multiple authorities reflecting that, while district courts have inherent equitable powers to order expungement of criminal records in appropriate cases, this Circuit and other circuits have generally held that the decision to

exercise expungement power is to be utilized only in extreme conditions. *See, Unites States v. Bagley,* 899 F.2d 707, 708 (8th Cir. 1990); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977), and other cases cited at page 2 of the Government's memorandum. "Appropriate cases" are generally considered to be those where convictions have been deemed to be illegal or obtained under statutes later held unconstitutional or where the convictions were obtained through misconduct of governmental agents. But courts have uniformly denied expungement requests in those cases involving valid convictions, such as the instant case. *See United States v. Robinson*, 79 F.3d 1149, 1996 WL 107129 at *2 (6th Cir. 1996).

Because Mr. Anello makes no claim that his conviction was invalid and there is no statutory authority entitling him to relief, the Court determines that his case lacks those extreme circumstances which would permit this Court to expunge his conviction. Regretfully for him, the Court must therefore deny his motion for expungement.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE